458 S.E.2d 613

**Elmira G. LEMASTERS, Plaintiff Below, Petitioner,**

**v.**

**Cathy S. GATSON, Clerk of the Circuit Court of Kanawha County; The Board of Review of the West Virginia Department of Employment Security; and The West Virginia Society for the Blind, Defendants Below, Respondents.**

**No. 22380.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 24, 1995.

Decided May 19, 1995.

Thomas C. Cady, Morgantown, for petitioner.

Peggy L. Collins, Kopelman, Collins & Courtright, Charleston, for respondents.

FRED L. FOX, II, Judge:[1]

In this case we consider whether the Circuit Court of Kanawha County, West Virginia, was correct in affirming prior administrative decisions denying unemployment compensation benefits to the petitioner, Elmira G. LeMasters. Secondarily, consideration is also given herein as to whether the petitioner's employer, the West Virginia Society for the Blind and Severely Disabled (Society) is legally exempt from the Unemployment Compensation Act, W.Va.Code § 21A-1-1, *et seq.* (1994 Cum.Supp.).

By their very nature, the prior proceedings in this case do not lend themselves to the evolvement of a comprehensive record. Additionally, the development of the case on this level can best be described as laconic. From what we have before us, it would appear that the relevant facts are these. The petitioner, Elmira G. LeMasters, was employed as a food services worker in a cafeteria at the United States Department of Energy facility in Morgantown, West Virginia, from mid-July 1990 until August 1992. On 11 October 1990, she suffered an on-the-job injury for which she received workers' compensation benefits. Although the petitioner claims she worked until 3 September 1992, the record reveals that, subsequent to her injury of 11 October 1990, she worked only one day, 11 February 1991. At some point in August 1992, she was officially terminated by her employer.

On 30 August 1992, the petitioner applied for unemployment compensation benefits for the base period covering 1 April 1991 through 31 March 1992. In accordance with the administrative review schedule, the petitioner's claim was heard by a deputy commissioner.[2] The deputy commissioner found the

---

1. Pursuant to an administrative order entered by this Court on 18 November 1994, the Honorable Fred L. Fox, II, Judge of the Sixteenth Judicial Circuit, was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing 1 January 1995 and continuing through 31 March 1995, because of the physical incapacity of Justice W.T. Brotherton, Jr. On 14 February 1995 a subsequent administrative order extended this assignment until further order of said Court.

2. West Virginia Code § 21A-7-3 (1989) provides:

The commissioner shall appoint deputies to investigate all claims, and to hear and initially determine all claims for benefits excepting claims relating to labor disputes or disqualifi-

petitioner was not entitled to benefits because she had not been paid wages of at least $2,200 in covered employment within the base period as required by W.Va.Code § 21A–6–1(5) (1989). This Code provision provides that "[a]n unemployed individual shall be eligible to receive benefits only if the commissioner finds that: ... (5) He has within his base period been paid wages for employment equal to not less than two thousand two hundred dollars and must have earned wages in more than one quarter of his base period."

The petitioner appealed the deputy commissioner's decision to an administrative law judge (ALJ) of the Department of Employment Security pursuant to the provisions of W.Va.Code § 21A–7–7 (1989).[3] On 7 January 1993, the ALJ affirmed the deputy's decision, stating:

> Under the provisions of W.Va.Code Chapter 21A, Article 6 and the sections following an individual must have earned at least $2,200 during the base wage period with wages paid in at least two quarters in said base period. *The claimant in the instant case did not present any evidence of having received any payments whatsoever during her base period of April 1, 1991 through March 31, 1992.* She is monetari-

ly ineligible for benefits under the provisions of West Virginia law. (Emphasis added.)

The ALJ's decision was subsequently affirmed by the Board of Review of the West Virginia Department of Employment Security on 15 April 1993,[4] and the petitioner sought judicial review of the administrative decision in the Circuit Court of Kanawha County.[5]

On 14 April, 1994, the circuit court affirmed the Board of Review's decision, finding, in essence, that the Board of Review's ruling, as well as the previous administrative rulings, correctly denied the petitioner's application for unemployment compensation benefits on the grounds that the petitioner had not received sufficient wages within the base period. We agree with the circuit court.

■ A thorough review of the record in this case discloses that the petitioner received no wages during the base period in question (1 April 1991—31 March 1992), much less the $2,200 required by W.Va.Code § 21A–6–1(5) (1989).[6] Accordingly, the administrative rulings are in accordance with and supported by the evidence, and the cir-

---

cation under subdivision four of section three [§ 21A–6–3(4)], article six of this chapter.

3. West Virginia Code § 21A–7–7 states:

> The board shall determine the manner of hearing cases transferred or appealed from a decision of a deputy. All cases relating to labor disputes or to disqualification under subdivision (4) section three [§ 21A–6–3(4)], article six of this chapter, and transferred to an appeal tribunal for initial determination, shall be heard by an appeal tribunal composed either of three administrative law judges assigned by the board, or the board itself, as the board may direct in particular cases or in particular areas. *All other appeals from the decision of a deputy shall be heard by an appeal tribunal composed, as the board may direct in particular cases or in particular areas, of a single administrative law judge; a tribunal of three administrative law judges assigned by the board; a member of the board; or the board itself.* (Emphasis added.)

4. West Virginia Code § 21A–7–10 (1989) provides:

> The board may, on its own motion, after notice to the claimant, last employer, and the

commissioner, eight days in advance of the date set for hearing, affirm, modify, or reverse and set aside a decision of an appeal tribunal. Any appeal from a decision of an appeal tribunal allowing benefits in a case relating to a labor dispute or to a disqualification under subdivision four, section three [§ 21A–6–3(4)], article six of this chapter, shall be heard as expeditiously as possible and given priority over all other cases and shall be decided by the board within ten days after the hearing before the board.

5. West Virginia Code § 29A–5–4(a) (1993) states, in pertinent part:

> Any party adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter....

6. Apparently the petitioner did receive workers' compensation benefits during her entire base period. However, under W.Va.Code § 21A–1–3(2)(B) (1994 Cum.Supp.), "wages" does not include "... sickness or accident disability payments made to an employee under an approved state workers' compensation law...."

cuit court was presented with no option but to affirm same.

■ The petitioner claims the circuit court was clearly wrong in upholding the Board of Review's decision. She contends she did have sufficient wages to support an unemployment compensation award, but, as a result of prior rulings by the Commissioner of Employment Security (Commissioner) that the Society is exempt from the provisions of unemployment compensation law, her wages were not technically wages in covered employment. Specifically, the petitioner states:

The Board's decision is plainly wrong. The claimant did not have insufficient wages to qualify. The claimant had sufficient wages, but her employer did not pay into unemployment compensation. The exemption accorded to the West Virginia Society for the Blind by the Commissioner is an illegal interpretation of W.Va.Code § 21A–1–3(11)(iv) (1991).

Thus, the petitioner frames the issue as whether the Society is, in fact, exempt from the provisions of the Unemployment Compensation Act. Inasmuch as the record reflects that the petitioner had no wages, and did not even actively work for the Society during the base period, this Court is not compelled to address this issue. However, for purposes of future clarification, we choose to do so.

The Commissioner's prior ruling that the Society is exempt from participation in the unemployment compensation system is based upon statutory construction. West Virginia Code § 21A–1–1, *et seq.* (1989), the Unemployment Compensation Act, provides a program of protection against unemployment for the citizens of this State. Basically, it requires all employers to participate in the unemployment compensation fund by contributing payments with respect to wages paid for employment that occurs during any given year. W.Va.Code § 21A–5–4 (1989). Certain types of employment are, however, exempt from participation, also by statute. West Virginia Code § 21A–1–3(11)(iv) (1994 Cum.Supp.) specifically exempts employment which includes services performed

... in a facility conducted for the purpose of carrying out a program of rehabilitation

for individuals whose earning capacity is impaired by age or physical or mental deficiency or injury or providing remunerative work for individuals who because of their impaired physical or mental capacity cannot be readily absorbed into the competitive labor market by an individual receiving such rehabilitative or remunerative work; ....

In determining whether the Society falls within this category of exempt employer, we consider the Society's genesis and purpose. The genesis is found in W.Va.Code § 18–10G–1, *et seq.* (1994), which provides the West Virginia Division of Vocational Rehabilitation (Division) may provide for the operation of food services in public office buildings in this State. The stated purpose, as set forth therein, is "to provide blind and severely disabled persons with the maximum opportunities for remunerative employment and for training for such employment, to enlarge the economic opportunities of the blind and severely disabled; and to stimulate them to greater effort in striving to make themselves self-supporting...."

In furtherance of this stated purpose, the statute provides the Division with authority to operate food service facilities in public office buildings through a "designee." A designee is defined in W.Va.Code § 18–10G–2(j) (1994) as "... an individual or an organization of individuals legally constituted, and under the jurisdiction of the division of vocational rehabilitation, doing business in the state of West Virginia, to assist the state agency with the administration and supervision of the food services facilities program."

It is clear from the record in this case the Society was created by the Division as its designee for the specific purpose of complying with W.Va.Code § 18–10G–1 (1994), i.e., to operate food service facilities in public office buildings, thereby providing blind and severely disabled persons with opportunities for employment and training. Such employment appears to be the very type specifically exempted from unemployment compensation law by W.Va.Code § 21A–1–3(11)(iv) (1994 Cum.Supp.), as employment conducted for

the purpose of rehabilitation or providing remunerative work for impaired individuals.

Accordingly, we hold the West Virginia Society for the Blind and Severely Disabled, as a designee of the West Virginia Division of Vocational Rehabilitation under W.Va.Code § 18–10G–2(j) (1994), is exempt from participation in the unemployment compensation fund as a matter of statutory law. W.Va. Code § 21A–1–3(11)(iv) (1994 Cum.Supp.).

■■■■■ This Court held in *Hill v. Board of Review*, 166 W.Va. 648, 652, 276 S.E.2d 805, 808 (1981), "[i]n order to avail himself of unemployment compensation benefits, a claimant must first show that he is eligible for benefits and is not disqualified from receiving them under our Unemployment Compensation Law...." When an employer is exempt from participation in the unemployment compensation fund, it logically follows that its employees are ineligible for benefits thereunder.

The petitioner also contends in her brief that the Morgantown facility was not being conducted for the purpose of carrying out a program of rehabilitation and did not even employ impaired individuals. These representations were specifically challenged and denied by the respondent in its brief. Unfortunately, the record before us does not lend itself to a determination as to whether these factual issues were developed or even considered in any previous administrative or judicial proceedings. At any rate, they are of no great consequence, inasmuch as it is our opinion that the Society's exemption from unemployment compensation law affects all of its employees, regardless of their individual impairments, or lack thereof, and regardless of the makeup of its employees at any particular facility.

For the reasons set forth herein, we conclude the Circuit Court of Kanawha County correctly affirmed the prior administrative rulings. Accordingly, the 14 April 1994 order of the Circuit Court of Kanawha County is affirmed.

Affirmed.

BROTHERTON, J., did not participate.

FOX, J., sitting by temporary assignment.